UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | | |
|---|---|---|---|
| **ANNICK ROY,** as Special Administrator of the Estate of Jean-Guy Veilleux, **et al.** | ) ) ) ) | 1:14-cv-00113-JDL<br>1:16-cv-00105-JDL<br>1:16-cv-00120-JDL<br>1:16-cv-00121-JDL | 1:15-cv-00250-JDL<br>1:16-cv-00106-JDL<br>1:16-cv-00138-JDL<br>1:16-cv-00139-JDL |
| **Plaintiff,** | ) ) ) | 1:16-cv-00122-JDL<br>1:16-cv-00123-JDL<br>1:16-cv-00124-JDL | 1:16-cv-00140-JDL<br>1:16-cv-00141-JDL<br>1:16-cv-00142-JDL |
| v. | ) ) ) ) | 1:16-cv-00125-JDL<br>1:16-cv-00126-JDL<br>1:16-cv-00127-JDL<br>1:16-cv-00128-JDL | 1:16-cv-00143-JDL<br>1:16-cv-00144-JDL<br>1:16-cv-00145-JDL<br>1:16-cv-00146-JDL |
| **RAIL WORLD, INC., et al.,** | ) ) | 1:16-cv-00129-JDL<br>1:16-cv-00130-JDL | 1:16-cv-00147-JDL<br>1:16-cv-00148-JDL |
| **Defendants.** | ) ) ) ) ) ) ) | 1:16-cv-00131-JDL<br>1:16-cv-00132-JDL<br>1:16-cv-00133-JDL<br>1:16-cv-00134-JDL<br>1:16-cv-00135-JDL<br>1:16-cv-00136-JDL<br>1:16-cv-00137-JDL | 1:16-cv-00149-JDL<br>1:16-cv-00150-JDL<br>1:16-cv-00151-JDL<br>1:16-cv-00153-JDL<br>1:16-cv-00154-JDL<br>1:16-cv-00156-JDL |

**ORDER ON THE PLAINTIFFS' MOTION TO DISMISS RELEASED PARTIES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(b)**

In July of 2013, a freight train operated by Montreal Maine & Atlantic Railway, Ltd. ("MMA"), including its 72 carloads of crude oil, derailed in the town of Lac-Mégantic, Québec, leading to a series of explosions that destroyed part of the downtown area. 1:15-mc-00356-JDL, ECF No. 1 at 2-3. Forty-seven people died. *Id.* at 3. The next month, MMA filed a chapter 11 bankruptcy proceeding in the District of Maine, and, simultaneously, sought similar protection in Canada. *Id.* The derailment also spawned civil proceedings in both Illinois and Texas state courts, which were removed to the Northern District of Illinois and the Northern District of Texas, respectively. *Id.* at 3-5.

Following the commencement of the chapter 11 bankruptcy proceeding, settlement negotiations were held between the Bankruptcy Trustee (the "Trustee")[1] and the defendants in the civil proceedings. *See* 1:14-cv-00113-JDL, ECF No. 258 at 3; ECF No. 285 at 3. As a result of the negotiations, all defendants except for Canadian Pacific Railway Company ("Canadian Pacific") entered into settlement agreements in which they agreed to contribute to a settlement fund in exchange for a full and final release of all claims related to the derailment. *Id.* The release of claims is contained in Article 10.5 of the *Trustee's Revised First Amended Plan of Liquidation Dated July 15, 2015 (as Amended on October 8, 2015)* (the "Plan"). No. 13-10670 (Bankr. D. Me.), ECF No. 1822. All defendants except for Canadian Pacific and its United States subsidiaries are "Released Parties" per the settlement agreements and the Plan. 1:14-cv-00113-JDL, ECF No. 285 at 2-3.

On October 9, 2015, the Bankruptcy Court entered an order confirming the Plan (the "Confirmation Order") and the settlement agreements, finding that they were "the product of extensive good-faith, arm's-length negotiations[,]" and that they were "fair, equitable and reasonable[.]" No. 13-10670 (Bankr. D. Me.), ECF No. 1801 at 14, ¶ 15. The Confirmation Order also concluded that the release of claims contained in Article 10 of the Plan constituted "a good-faith compromise and settlement of the matters covered thereby." *Id.* at 14, ¶ 16. The Effective Date of the Plan occurred on December 22, 2015. 1:14-cv-00113-JDL, ECF No. 285 at 3. The

---

[1] The Trustee is now the Estate Representative of the post-confirmation estate of MMA (the "Estate Representative"). 1:14-cv-00113-JDL, ECF No. 285 at 2.

District Court adopted the Confirmation Order on the same day (the "Adopting Order"). 1:15-mc-00329-JDL, ECF No. 16.

On February 22, 2016, I ordered the civil cases pending in the Northern District of Illinois and the Northern District of Texas transferred to the District of Maine pursuant to 28 U.S.C.A. § 157(b)(5) (2015). 1:15-mc-00355-JDL, ECF No. 37; 1:15-mc-00356-JDL, ECF No. 44. Two cases were transferred from the Northern District of Texas on February 23, 2016, and thirty-five cases were transferred from the Northern District of Illinois on March 9, 2016.

Despite the Confirmation Order, the Adopting Order, and the occurrence of the Plan's Effective Date, the Released Parties remain as defendants in thirty-nine wrongful death cases in the District of Maine.[2]

On March 17, 2016, the plaintiffs filed a Motion to Dismiss Released Parties Pursuant to Federal Rule of Civil Procedure 54(b), in which they request that the court "enter judgment dismissing the Released Parties . . . with prejudice and without costs." 1:14-cv-00113-JDL, ECF No. 285 at 4. *See also* 1:15-cv-00250-JDL, ECF No. 119 at 4. The plaintiffs state that the Released Parties "have paid the amounts required of them to be paid pursuant to the Settlement Agreements[,]" and that "there are no further conditions that must be performed or must occur prior to dismissal of the Released Parties from these actions." *Id.*

---

[2] *See* 1:14-cv-00113-JDL; 1:15-cv-00250-JDL; 1:16-cv-00120-JDL; 1:16-cv-00121-JDL; 1:16-cv-00122-JDL; 1:16-cv-00123-JDL; 1:16-cv-00124-JDL; 1:16-cv-00125-JDL; 1:16-cv-00126-JDL; 1:16-cv-00127-JDL; 1:16-cv-00128-JDL; 1:16-cv-00129-JDL; 1:16-cv-00130-JDL; 1:16-cv-00131-JDL; 1:16-cv-00132-JDL; 1:16-cv-00133-JDL; 1:16-cv-00134-JDL; 1:16-cv-00135-JDL; 1:16-cv-00136-JDL; 1:16-cv-00137-JDL; 1:16-cv-00138-JDL; 1:16-cv-00139-JDL; 1:16-cv-00140-JDL; 1:16-cv-00141-JDL; 1:16-cv-00142-JDL; 1:16-cv-00143-JDL; 1:16-cv-00144-JDL; 1:16-cv-00145-JDL; 1:16-cv-00146-JDL; 1:16-cv-00147-JDL; 1:16-cv-00148-JDL; 1:16-cv-00149-JDL; 1:16-cv-00150-JDL; 1:16-cv-00151-JDL; 1:16-cv-00153-JDL; 1:16-cv-00154-JDL; 1:16-cv-00156-JDL; 1:16-cv-105-JDL; 1:16-cv-00106-JDL.

## LEGAL ANALYSIS

Federal Rule of Civil Procedure 54(b) permits a district court, in cases involving multiple claims or parties, to direct entry of a final judgment "as to one or more, but fewer than all, claims or parties" if the court "expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).

The First Circuit has established two steps for reviewing a Rule 54(b) certification. The first step requires the court to determine whether the judgment in question "has the requisite aspects of finality." *Niemic v. Galas,* 286 Fed. App'x 738, 739 (1st Cir. 2008). Here, the requested entry of judgment would dismiss with prejudice all claims against the Released Parties. ECF No. 285 at 4. This degree of finality is sufficient. *See Penn v. Knox Cty.,* 2013 WL 5839378, at * 1 (D. Me. Oct. 30, 2013).

The second step requires the court to determine that there is no just reason for delay by assessing "(1) any interrelationship or overlap among the various legal and factual issues involved in the dismissed and the pending claims, and (2) any equities and efficiencies implicated by the requested piecemeal review." *Niemic,* 286 Fed. App'x at 739 (quoting *Credit Francais Int'l, S.A. v. Bio-Vita, Ltd.,* 78 F.3d 698, 706 (1st Cir. 1996)) (internal quotation marks omitted).

Here, there is significant factual and legal overlap among the wrongful death claims against the Released Parties and Canadian Pacific, all of which arise from the derailment and explosion in Lac Mégantic. Yet, by the plaintiffs' own admission, the Released Parties have paid all amounts required of them and there are no other conditions to be performed pursuant to the settlement agreements. 1:14-cv-00113-

JDL, ECF No. 285 at 4. The fact that the Released Parties have performed their obligations under the settlement agreements and that the plaintiffs are the parties who seek dismissal significantly decreases the likelihood of "piecemeal appellate review." *See Credit Francais Int'l, S.A.,* 78 F.3d at 706 ("the district court is to consider the strong judicial policy disfavoring piecemeal appellate review") (citation and quotation omitted) (emphasis removed).

I also conclude that the requested entry of judgment would vastly improve the administrative efficiency of the remaining cases because dismissing the Released Parties would eliminate dozens of parties who have already consummated their settlement with the plaintiffs. Furthermore, equitable considerations weigh in favor of an entry of judgment because requiring the Released Parties to remain as defendants in the case would subject them to potentially significant costs and attorneys' fees were they required to continue to appear for the duration of the litigation.

## CONCLUSION

For the foregoing reasons, I conclude that there is no just reason for delay of an entry of judgment dismissing the Released Parties with prejudice pursuant to Federal Rule of Civil Procedure 54(b), and furthermore, that such a judgment would have the necessary aspects of finality. The plaintiffs' Motion to Dismiss Released Parties pursuant to Federal Rule of Civil Procedure 54(b) is **GRANTED**.

The Clerk's Office is instructed to enter judgment dismissing with prejudice and without costs all defendants other than Canadian Pacific Railway Company in the following cases:

1:14-cv-00113-JDL;   1:15-cv-00250-JDL;   1:16-cv-00120-JDL;   1:16-cv-00121-JDL;

1:16-cv-00122-JDL;   1:16-cv-00123-JDL;   1:16-cv-00124-JDL;   1:16-cv-00125-JDL;

1:16-cv-00126-JDL;   1:16-cv-00127-JDL;   1:16-cv-00128-JDL;   1:16-cv-00129-JDL;

1:16-cv-00130-JDL;   1:16-cv-00131-JDL;   1:16-cv-00132-JDL;   1:16-cv-00133-JDL;

1:16-cv-00134-JDL;   1:16-cv-00135-JDL;   1:16-cv-00136-JDL;   1:16-cv-00137-JDL;

1:16-cv-00138-JDL;   1:16-cv-00139-JDL;   1:16-cv-00140-JDL;   1:16-cv-00141-JDL;

1:16-cv-00142-JDL;   1:16-cv-00143-JDL;   1:16-cv-00144-JDL;   1:16-cv-00145-JDL;

1:16-cv-00146-JDL;   1:16-cv-00147-JDL;   1:16-cv-00148-JDL;   1:16-cv-00149-JDL;

1:16-cv-00150-JDL;   1:16-cv-00151-JDL;   1:16-cv-00153-JDL;   1:16-cv-00154-JDL;

1:16-cv-00156-JDL.

The Clerk's Office is instructed, in case number 1:16-cv-00105-JDL and case number 1:16-cv-00106-JDL, to enter judgment dismissing with prejudice and without costs all defendants other than Canadian Pacific Railway Company; Canadian Pacific Railway Limited; Soo Line Railroad Company d/b/a Canadian Pacific Railway; Delaware and Hudson Railroad Company, Inc. d/b/a Canadian Pacific Railway; and Dakota, Minnesota, and Eastern Railroad Corporation d/b/a Canadian Pacific Railway.

**SO ORDERED.**

**Dated this 6th day of April, 2016.**

                                                    /s/ Jon D. Levy  
                                              **U.S. DISTRICT JUDGE**